Monique Olivier (Cal. Bar No. 190385)
monique@osclegal.com
Christian Schreiber (Cal. Bar No. 245597)
christian@osclegal.com
OLIVIER SCHREIBER & CHAO LLP
201 Filbert Street, Suite 201
San Francisco, CA 94133
Telephone: (415) 484-0980
Facsimile: (415) 658-7758


*Counsel for Plaintiff and the Proposed Class*

[Additional Counsel on Signature Page]

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ANDREW ROLEY, individually and on behalf of all others similarly situated,<br><br>        Plaintiff,<br><br>v.<br><br>Google LLC<br><br>        Defendant. | Case No. 5:18-cv-07537-BLF<br><br>**CLASS ACTION**<br><br>**FIRST AMENDED COMPLAINT FOR VIOLATIONS OF**<br>**(1) UNFAIR COMPETITION LAW, CALIFORNIA BUSINESS & PROFESSIONS CODE § 17200, *ET SEQ.;***<br>**(2) BREACH OF CONTRACT;**<br>**(3) FRAUD**<br>**(4) CONVERSION**<br>**(5) CONSUMER LEGAL REMEDIES ACT, CIV. C. § 1780, *ET SEQ.***<br><br>**DEMAND FOR JURY TRIAL** |

FIRST AMENDED CLASS ACTION COMPLAINT

Plaintiff Andrew Roley ("Plaintiff") alleges, individually and on behalf of all others similarly situated, by and through the undersigned counsel, as follows:

**<u>INTRODUCTION</u>**

1.    Defendant Google LLC ("Google") has enlisted millions of individuals around the United States (and millions more around the world) to enhance the quality of its products through "crowdsourcing." According to Google, crowdsourcing is "the practice of obtaining information or input into a task or project by enlisting the services of a large number of people, either paid or unpaid, typically via the Internet."

2.    One such example of Google's use of crowdsourcing is its efforts to improve its Google Maps and Google Earth products by using individuals who are physically present in a location featured in a Google product. The use of "local knowledge" allows unprecedented reach and insight into all corners of the globe, and enhances and improves the quality of Google's offerings.

3.    Google formalized its use of locals when it established its "Local Guides" program in early 2015. *See* https://plus.google.com/+GoogleMaps/posts/eGqahcAfmbv. The purpose of the program, like the one it replaced called "City Experts," was to have locals photograph and comment on businesses and locations around the world in order to improve the quality and quantity of reviews about these locations– and ultimately Google's page views and advertising revenue.

4.    Google does not pay Local Guides for their efforts on the company's behalf. Instead, to encourage participation by individuals in its Local Guides program, Google offered other incentives, such as "thank you gifts" and invitations to events for certain high-volume Local Guide reviewers whose reviews were approved by Google. As Local Guides submitted more reviews, they graduated to higher "Levels" and became eligible for other items promised by Google.

5.    For example, Google promised Local Guides who achieved "Level 4 status" a free terabyte of data storage. A terabyte is an immense amount of storage. It is estimated that a

1   terabyte could hold more than 310,000 photographs, or 500 movies, or 17,000 hours of music, or

2   40 days' worth of videos. There are 1,000 gigabytes in one terabyte.

3          6.      After Plaintiff became a Level 4 Local Guide, he claimed his terabyte of data.

4   However, after inducing Plaintiff to perform the work necessary to become a Level 4 Local

5   Guide, Google informed Plaintiff that its offer of a free terabyte of data storage was, in fact, only

6   free for two years.

7          7.      Google's mischaracterization of the "free" data storage is patently unreasonable.

8   No person would understand an offer from Google for a "free terabyte of storage" to be limited

9   to "*two years* of free data storage" because Google intentionally failed to qualify its offer as

10   limited in such a manner at the time the work was induced and while "Level 4" guides worked to

11   attain the "free" storage.

12          8.      Google's misrepresentation was intended to induce Plaintiff and other class

13   members to perform the work that benefitted Google, which it did. Worse yet, Google's

14   fraudulent inducement has the insidious effect of creating "subs" – industry slang for subscribers

15   – who, having moved data onto Google's storage platforms, must then pay $10 per month

16   beyond the two-year period to maintain access to their stored data.

17          9.      This action is intended to stop Google's misrepresentations, and to restore the

18   benefit of the bargain to those Local Guides who attained a free terabyte of data.

19                                              **PARTIES**

20          10.     Plaintiff Andrew Roley is an individual over the age of 18 and a resident of

21   Washington.

22          11.     Defendant Google LLC, is a Delaware limited liability company and maintains its

23   principal place of business in Mountain View, California.

24                              **JURISDICTION AND VENUE**

25          12.     This Court has jurisdiction over the subject matter of this action pursuant to 28

26   U.S.C. § 1332.

27

28

FIRST AMENDED CLASS ACTION COMPLAINT

13.     This District is the proper venue for this action as a substantial part, if not all, of the events giving rise to this action has occurred in this District, and Google's Terms of Service require suit to be brought in this District.

## **FACTUAL ALLEGATIONS**

14.     On or about April 4, 2016, Plaintiff received an email from "Google Maps," which was sent to Plaintiff's gmail account. The email informed Plaintiff that photos that he had uploaded to Google connected with geo-location of the photos "helped people over 200,000 times, a new record for you on Google Maps."

15.     The email invited Plaintiff "join Local Guides!" and offered "rewards" to Plaintiff. The email provided in part:

### Get rewards for the photos you've shared.

When you become a Local Guide, you earn points for your photos and other contributions to Google Maps. These points can unlock cool benefits like

- 1TB of Google Drive storage
- Invitations to exclusive events
- Early access to new Google products
- Local Guides badge

You've already earned points with your photos. Why not join our community of explorers today?

GET STARTED

## Keep up the good work

16.     The promise of a free terabyte of storage induced Plaintiff to become a Local Guide. The day after receiving the email, he joined Google's Local Guides program and received a "welcome" email from Google acknowledging his enrollment. The email also stated that Local Guides would "earn points" in five ways: "write reviews about your experiences, add photos from places you've been, answer questions about the details of a place, add new destinations to the map, fix listings that are out of date."

FIRST AMENDED CLASS ACTION COMPLAINT

17.     As part of Plaintiff's participation in Google's Local Guides program, Plaintiff uploaded photos, uploaded businesses' information (their hours, phone numbers), answered questions about businesses, edited information about landmarks and roads on Google Maps, edited business information, and composed and uploaded reviews of businesses.

18.     On April 7, 2016, Google informed Plaintiff that he was a "Level 3 Local Guide." The email encouraged Plaintiff to continue adding photos and reviews and stated in part: "Earn more points for every place you review, photograph, add, edit or provide additional info for on Google Maps. Level up now and get more exclusive benefits."

19.     On April 12, 2016, Google encouraged Plaintiff to "join or start a community" of "like-minded explorers." To start a community, Google required an application "to receive training and support."

20.     On April 19, Google notified Plaintiff that his recent contributions had gotten 5,412 "new views" for a then-total of 211,927 views. Google encouraged Plaintiff to "[k]eep up the good work."

21.     Google sent similar encouragements to Plaintiff on April 25, 2016, saying, among other things, "Your new photos are a great addition to Google Maps" and again encouraged Plaintiff to "[k]eep up the good work."

22.     Google's encouragements for Plaintiff's ongoing unpaid work for Google Maps continued for several months. Plaintiff continued to do work for Google and continued to contribute data. Google's encouragements always concluded, "[k]eep up the good work."

23.     Then, on July 7, 2016, Google pushed Plaintiff to provide more data, more quickly in order to receive his free terabyte of storage. Google's email stated in part:

# Benefits Update

As our community of Local Guides continues to grow, we've made the decision to adjust our Level 4 benefit to 100GB of free Google Drive storage. Local Guides who reach Level 4 in the next 2 weeks can still unlock the original offer of 1TB of free Drive storage.

24.     On July 12, 2016, Google encouraged Plaintiff with a message, "300,000 views. Your photos are a big hit!"

25.     Up to July 14, 2016, before Plaintiff attained "Level 4," Plaintiff was effectively doing Google's work for free in reliance on Google's promise to him of "1 TB of free Drive storage."

26.     Two days later, on July 14, 2016, Google informed Plaintiff he had achieved Level 4 status. Google's email to Plaintiff offered congratulations on attaining "Level 4" and notified Plaintiff that he could "[r]edeem your Google Drive storage." The email also noted, "Drive storage upgrade must be redeemed and applied to a Google account within 30 days. This upgrade is active for 1 year at 100 GB of additional storage…" Google's email makes no reference, however, to any time limit regarding the promise it made previously to Plaintiff of "1 TB of free Drive storage."

27.     On information and belief, Google takes the position that Local Guides were informed of the time-limited nature of the free storage offer. On information and belief, Google contends that at the time Plaintiff and Class Members claimed their "free storage," Google informed Plaintiff and other Class Members redeeming their storage, "[W]e're upgrading your Google Drive storage from 15 GB to 1 TB for two years."

FIRST AMENDED CLASS ACTION COMPLAINT

28.     Google's position cannot be squared with the communications received by Plaintiff on July 14, 2016, which referred to a <u>one</u>-year, time-limited offer for "<u>100 GB</u> of additional storage" rather than the terabyte of storage Plaintiff had earned.

29.     Such an "after the fact" disclosure does not remedy the "bait-and-switch" nature of Google's misconduct because such notice, if it in fact were given to all Level 4 guides activating their "free terabyte" of storage, would have been *after* they had performed the work in exchange for the promise of an open-ended "free terabyte" of storage.

30.     In April 2018, Google notified Plaintiff that his "Google Drive bonus storage" would expire and that he would have to pay monthly for data storage.

31.     Plaintiff complained to Google shortly thereafter. But in May 2018, Google asserted in an email, "We never offered a permanent Drive promotion. The only drive benefit we offered was a 1TB for two years offer that migrated to a 1 year of 100GB storage offer, the latter of which ended as of March 2017."

32.     Plaintiff objected and pointed out that no such limitation was disclosed until after Plaintiff had done the work that Google encouraged him to do with a promise of "1 TB of free Drive storage."

33.     Moreover, in 2015 and 2016, Google had twice previously offered permanent storage upgrades (two 2 gigabyte "Drive storage bump[s]") to users, including Plaintiff, in return for their agreeing to Google's performing "security updates."

34.     On information and belief, at no time did Google place a time limit or duration on these offers of "free" Drive storage at any time prior to Local Guides performing the work in exchange for the promise of an open-ended "free terabyte of storage."

35.     In June 2018, Google again notified Plaintiff that he would have to start paying for his Google Drive data storage. At the time, Plaintiff had approximately 300 gigabytes stored with Google primarily through Google Drive and Google Photos. Not upgrading his storage plan, Google warned, could "adversely affect [his] use of Drive, Gmail, Inbox and Google Photos."

36.     Google informed Plaintiff he should "update [his] plan," which would require that he pay $10/month for the previously promised "1 TB of free Drive storage."

37.     Plaintiff was briefly shut out of all Google services (Drive, Gmail, Inbox and Google Photos) until he deleted a sufficient amount of data to fall below Google's threshold for a paid Google Drive product.

## CLASS ACTION ALLEGATIONS

38.     Plaintiff brings this action on behalf of himself and all others similarly situated pursuant to Federal Rule of Civil Procedure 23. Plaintiff seeks to represent the following Class, defined as follows:

> All individuals residing in the United States who attained "Level 4" as a Google Local Guide after having been offered one free terabyte of Google Drive storage space without a time limitation in the offer, and who claimed their terabyte of data storage space, but whose free use of the terabyte was terminated after two years of having been given the terabyte.

39.     This action may properly be maintained as a class action pursuant to Fed. R. Civ. Proc. 23(a) and (b)(3) and/or (c)(4).

40.     There are millions of Local Guides around the world, and the United States has the largest number of Local Guides. *See* https://searchengineland.com/google-now-50-million-local-guides-adding-content-google-maps-search-284737 (last visited October 15, 2018). The number of local guides has grown tenfold from 2017 to 2018. Accordingly, the members of this Class are so numerous that joinder of all members would be impracticable. The disposition of their claims through this class action will benefit both the parties and the Court. The exact number and identity of the proposed Class members are readily ascertainable through inspection of Google's records.

41.     Plaintiff and the class share a community of interest in the resolution of the claims alleged herein. Common questions of law and fact exist as to members of the Class that predominate over individualized questions, and include, but are not limited to, the following:

a.   Whether Google solicited valuable work to be performed by individuals and entities in exchange for the promise of receiving one terabyte of "free" Drive storage;

b.   Whether Google failed to disclose the key fact that this offer of "free" Drive storage was not in perpetuity or for the duration of Google's operation as a business, but was for a two-year term until after Level 4 Guides had performed the work entitling them to the "free terabyte";

c.   Whether Google engaged in unfair competition proscribed by the Business and Professions Code by engaging in the conduct described hereinabove as to members of the Class;

d.   The scope and type of injunctive relief necessary to prevent the violations described herein;

e.   The measure of restitution and damages to compensate Plaintiff and members of the Class for the violations alleged herein.

42.   Plaintiff's claim is typical of the Class in that Plaintiff, like all Class members, received a solicitation, thereafter performed work for Google, after which Google unilaterally, unreasonably, and significantly, reduced the value of the consideration and, as a result, Plaintiff was deprived the benefit of the bargain. Google's common course of conduct with respect to Plaintiff and members of the Class has caused Plaintiff and members of the Class to sustain the same or similar injuries and damages.

43.   Plaintiff will fairly and adequately represent and protect the interests of the members of the Class. Plaintiff is a member of the Class and does not have any conflict of interest with other Class members. Plaintiff has retained and is represented by competent counsel who are experienced in complex class action litigation, including consumer class actions such as the present action.

44.   There will be no undue difficulty in the management of this litigation as a class action. A class action is superior to other methods for the fair and efficient adjudication of this controversy:

a.   Because the costs of prosecution would likely surpass individual Class members' damages, it is economically impractical for Class members to pursue individual actions.

- 8 -

FIRST AMENDED CLASS ACTION COMPLAINT

b.    Without a class action, Plaintiff and Class members have no effective remedy to recover their damages. A class action allows Class members to assert their rights while conserving the resources of this Court and the parties.

c.    A class action prevents inconsistent judgments arising out of various individual actions before different courts.

**FIRST CLAIM FOR RELIEF**
**Unfair Business Practices, Cal. Bus. & Prof. Code § 17200**
**(Brought by Plaintiff on Behalf of Himself and the Class)**

45.    Plaintiff incorporates by reference all allegations in the preceding paragraphs.

46.    Google offered a free terabyte of data storage to Plaintiff and the Class in exchange for their work on Google's behalf to improve Google Maps, a Google product.

47.    Plaintiff and the Class accepted Google's offer by performance.

48.    The Unfair Competition Law ("UCL"), California Business & Professions Code § 17200, *et seq.*, prohibits unfair competition in the form of any unlawful, unfair or fraudulent business acts or practices. The UCL provides that a Court may enjoin acts of unfair competition, and order restitution to affected members of the public.

49.    Beginning at an exact date unknown to Plaintiff, but at least since four years prior to the filing of this suit, Google has committed acts of unfair competition as defined by the UCL, by engaging in the unlawful, unfair and fraudulent business practices and acts described in this Complaint, including, but not limited to, soliciting individuals to provide valuable information to Google in exchange for one terabyte of free data storage, but then changing the terms of this contract after performance by Plaintiff and the Class, and upon information and belief, at the time of redemption of the free data storage, such that access to the data storage required payment after two years.

50.    A reasonable person under the circumstances would not understand an offer of a "free terabyte" of data storage either to be terminable at will by the offeror or limited in time to as little as two years. By converting the offered "free terabyte" of data to a service that would

cost $10/month or more thereafter, Google reneged on its promise of a "free terabyte" of data storage. In other words, Google deprived Plaintiff and the Class members, of the benefit of the bargain.

51.     California law prohibits fraud in the inducement of any contract and makes a party liable for the damages suffered from such misrepresentation. *See* Civil Code §§ 1709, 1710, 1752. The violation of these laws, as well as of the fundamental California public policies requiring good faith and fair dealing in contracting, serve as unlawful predicate acts and practices for purposes of the UCL.

52.     The acts and practices described above constitute unfair, unlawful and fraudulent business practices, and unfair competition, within the meaning of the UCL. Among other things, the acts and practices have taken from Plaintiff and the Class their free access to data storage that has rightfully been earned by them, while enabling Google to gain an unfair competitive advantage over law-abiding competitors.

53.     Business and Professions Code § 17203 provides that a court may make such orders or judgments as may be necessary to prevent the use or employment by any person of any practice which constitutes unfair competition. Injunctive relief is necessary and appropriate to prevent Google from repeating its unlawful, unfair and fraudulent business acts and business practices alleged above. If Google is not enjoined from this conduct, it will continue to engage in these unlawful practices. Monetary compensation alone will not afford adequate and complete relief to Plaintiff and members of the Class because it is impossible to determine the amount of damages that will compensate for Google's actions in the future if such actions are not enjoined now. Thus, without injunctive relief, a multiplicity of actions will result from Google's continuing conduct.

54.     As a direct and proximate result of the aforementioned acts and practices, Plaintiff and members of the Class have suffered a loss of money and property, in the form of lost data storage that rightfully belongs to them, and for which the maintenance of such storage has cost money each month when it should be free. Plaintiff, for example, lost access to his free terabyte

FIRST AMENDED CLASS ACTION COMPLAINT

of storage, was forced to delete data, and ultimately purchased an external hard drive in order to store data that had previously been stored on the terabyte of storage he earned as a Local Guide.

55.     Business and Professions Code § 17203 provides that the Court may restore to any person in interest any money or property that may have been acquired by means of such unfair competition. Plaintiff and members of the Class are entitled to restitution pursuant to Business and Professions Code § 17203 for all payments made by them during the four-year period prior to the filing of this action to maintain access to their terabyte of storage.

56.     Plaintiff requests that the Court issue a preliminary and permanent injunction requiring Google to advise all class members of their rights under the terms of the contract they have made with Google.

57.     Plaintiff's success in this action will enforce important rights affecting the public interest and in that regard Plaintiff sues on behalf of himself as well as others similarly situated. Plaintiff and members of the Class seek and are entitled to restitution, declaratory and injunctive relief, and all other equitable remedies owing to them.

58.     Plaintiff herein takes upon himself enforcement of these laws and lawful claims. There is a financial burden involved in pursuing this action, the action is seeking to vindicate a public right, and it would be against the interests of justice to penalize Plaintiff by forcing him to pay attorneys' fees from the recovery in this action. Attorneys' fees are appropriate pursuant to Code of Civil Procedure § 1021.5 and otherwise.

WHEREFOR, Plaintiff prays for the relief set forth below.

**SECOND CLAIM FOR RELIEF**
**Breach of Contract**
**(Brought by Plaintiff on Behalf of Himself and the Class)**

59.     Plaintiff incorporates by reference all allegations in the preceding paragraphs.

60.     Plaintiff and Class members, on the one hand, and Google, on the other hand, entered into a contract.

61.     Sufficient and valuable consideration existed for the contract. The terms of the contract required Plaintiff and Class members to perform certain services for Google, including

uploading photographs to Google Maps, as part of Google's Local Guides program. In exchange, Google promised Plaintiff and Class members a free terabyte of data storage if they achieved "Level 4" status as a Local Guide.

62.     Plaintiff and Class members accepted the terms of the contract through performance.

63.     Plaintiff and Class members performed on the contract and attained Level 4 status as a Local Guide.

64.     Google provided Plaintiff and Class members with a free terabyte of data storage.

65.     Google breached the contract by rescinding its provision of a free terabyte of data storage after Level 4 Guides had performed the work that Google required of them,  charging Plaintiff and Class members $10 per month to maintain access to the terabyte of data storage after two years. Prior to and while performing their unpaid work for Google, Plaintiff and the Class members reasonably and justifiably understood the offer by Google of a "free terabyte" of data storage to be an indefinite amount of time and, under no circumstances, to be as little as two years.

66.     Google's breach was unjustified.

67.     Plaintiff and the Class have suffered damages attributable to Google's breach.

WHEREFOR, Plaintiff prays for the relief set forth below.

### THIRD CLAIM FOR RELIEF
#### Fraud
#### (Brought by Plaintiff on Behalf of Himself and the Class)

68.     Plaintiff incorporates by reference all allegations in the preceding paragraphs.

69.     Google made a misrepresentation of material fact and/or a material and misleading omission to Plaintiff, i.e., that Google was offering a "free terabyte of data storage," which impliedly would not be terminated in two years, in exchange for work performed for Google by Plaintiff and the Class.

70.     Google had knowledge of the falsity of its statement and/or its misleading omission.

71.     Google intended to deceive Plaintiff and the Class into performing work for Google based on a promise of a "free terabyte" of data storage, fully aware that ordinary people would not understand that this promise could or would be terminated unilaterally at any time by Google.

72.     Plaintiff and the Class members reasonably and justifiably understood the offer by Google of a "free terabyte" of data storage to be an indefinite amount of time and, under no circumstances, to be as little as two years.

73.     Google induced Plaintiff and the Class members, to do work for Google, effectively without any compensation, by making an illusory promise to Plaintiff.

74.     Plaintiff and the Class have suffered damages attributable to Google's fraud.

WHEREFOR, Plaintiff prays for the relief set forth below.

### FOURTH CLAIM FOR RELIEF
#### Conversion
#### (Brought by Plaintiff on Behalf of Himself and the Class)

75.     Plaintiff incorporates by reference all allegations in the preceding paragraphs.

76.     Plaintiff and Class members, on the one hand, and Google, on the other hand, entered into a contract.

77.     The terms of the contract required Plaintiff and Class members to perform certain services for Google, including uploading photographs to Google Maps, as part of Google's Local Guides program. In exchange, Google promised Plaintiff and Class members a free terabyte of data storage if they achieved "Level 4" status as a Local Guide.

78.     Plaintiff and Class members accepted the terms of the contract through performance.

79.     Plaintiff and Class members performed on the contract and attained Level 4 status as a Local Guide.

80.     Google provided Plaintiff and Class members with a free terabyte of data storage.

81.     Upon information and belief, Google did not inform Plaintiff and the Class that the free data storage was limited to two years until after they performed on the contract. Plaintiff

FIRST AMENDED CLASS ACTION COMPLAINT

1   and the Class attained a property interest in the free terabyte of storage at the time they

2   completed performance and reached the Level 4 Local Guide status. After the two years of

3   access to the terabyte of data storage, Google required Plaintiff and Class members to pay $10

4   per month to maintain their access.

5       82.     Plaintiff and Class members have a right to possession of the terabyte of data

6   storage, free of charge.

7       83.     Google has exercised dominion over the terabyte of data storage owned by

8   Plaintiff and Class members, and Google's appropriation of the terabyte of data storage was done

9   without the consent of Plaintiff and Class members.

10      84.     As a result of Google's actions, Plaintiff and Class members have lost the tangible

11  storage on which they could store data, as well as any data that was lost due to a failure to pay a

12  monthly subscription charge for this storage, which rightfully belonged to Plaintiff and Class

13  members.

14      85.     Plaintiff and Class members have been harmed as a direct and proximate cause of

15  Google's conduct in converting the property that belongs to Plaintiff and Class members.

16      WHEREFOR, Plaintiff prays for the relief set forth below.

17              **FIFTH CLAIM FOR RELIEF**
        **Violations of Consumer Legal Remedies Act, Civ. C. § 1750,** *et seq.*
18        **(Brought by Plaintiff on Behalf of Himself and the Class)**

19      86.     Plaintiff incorporates by reference all allegations in the preceding paragraphs.

20      87.     At all relevant times:

21          a.      The terabytes of free data storage are and will continue to be tangible chattels

22                  that Google has marketed for personal, family, or household purpose and, as

23                  such, are "goods" as defined by California Civil Code § 1761(a);

24          b.      Plaintiff and Class members are individuals who have contracted through

25                  performance to obtain the terabyte of data storage for personal, family or

26                  household purposes and, as such, are "consumers" defined in California Civil

27                  Code § 1761(d);

28

- 14 -
FIRST AMENDED CLASS ACTION COMPLAINT

1         c.      The labor and services provided by Plaintiff and Class members in exchange

2               for a free terabyte of data storage constituted an agreement between Google

3               on the one hand and Plaintiff and Class members on the other and, as such,

4               constitutes a "transaction" as that term is defined in California Civil Code §

5               1761(e); and

6         d.      Google is a corporation and, as such, is a "person" as that term is defined in

7               California Civil Code § 1761(c).

88.     In offering the free terabyte of data storage, Google has represented, and will continue to represent, directly or by implication, that the terabyte of data storage is free, and unlimited in time or duration, and that therefore consumers would be able to use and have access to the terabyte of data storage indefinitely and without limitation. Notwithstanding that representation, the data storage was not unlimited, but required consumers to pay $10 per month to maintain access to their data.

89.     Under the terms and conditions of Google Local Guides Program Terms and Conditions, "Organizations, brands, and businesses are not eligible for the Program." *See* https://maps.google.com/localguides/rules (last visited October 22, 2018).

90.     Google's conduct has required and will continue to require Plaintiff and Class members to incur costs and expenses to pay for data storage.

91.     At all relevant times, Google knew that Plaintiff and Class members did not know or could not have reasonably discovered that there was a time limitation and future cost associated with their acceptance of Google's offer of a "free" terabyte of data storage until after Plaintiff and the Class completed performance and reached the Level 4 Local Guide status.

92.     Google had a duty to disclose the material facts clearly and conspicuously at the time it made the offer to Plaintiff and Class members.

93.     By virtue of this ongoing practice and course of conduct, Google has violated and will continue to violate section 1770(a)(9) of the CLRA by representing goods or services with intent not to sell them as advertised.

94.     By virtue of this ongoing practice and course of conduct, Google has violated and will continue to violate section 1770(a)(10) of the CLRA by advertising goods or services with intent not to supply reasonably expectable demand without disclosing a limitation of quantity.

95.     By virtue of this ongoing practice and course of conduct, Google has violated and will continue to violate section 1770(a)(14) by representing that a transaction confers or involves rights, remedies, or obligations that it does not have or involve, or that are prohibited by law.

96.     Google's violations of the CLRA present a continuing threat to Plaintiff and Class members in that Google continues to engage in the above-referenced acts and practices, and unless enjoined from doing so by this Court, will continue to do so. Had Plaintiff and Class members been informed of the limitations imposed by Google on the terabyte of data storage, they would not have provided the service and labor to Google in exchange for Google's false promise.

97.     Local Guides must also agree to be subject to Google's Terms of Service, which provide in relevant part, "The laws of California, U.S.A., excluding California's conflict of laws rules, will apply to any disputes arising out of or relating to these terms or the Services. All claims arising out of or relating to these terms or the Services will be litigated exclusively in the federal or state courts of Santa Clara County, California, USA, and you and Google consent to personal jurisdiction in those courts."

98.     Pursuant to § 1780(d) of the CLRA, attached hereto as Exhibit A is the affidavit showing that this action has been commenced in the proper forum.

99.     On November 13, 2018, pursuant to Civ. C. section 1782(a)(2), Plaintiff sent Defendant Google written notice of the violations of Civil Code section 1770 alleged above and provided Google with an opportunity to correct or otherwise rectify the problems alleged herein. Google has not availed itself of this opportunity. Accordingly, Plaintiff seeks an order awarding actual damages, equitable relief, as well as an award of attorneys' fees and costs pursuant to Civil Code section 1780, subdivisions (a) and (e).

WHEREFORE, Plaintiff prays for relief as set forth below.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays on behalf of himself and all others similarly situated for the following:

1. For declaratory relief as pled or as the Court may deem proper;

2. For preliminary, permanent and mandatory injunctive relief prohibiting Google, their officers, agents and all those acting in concert with them, from committing in the future those violations of law herein alleged;

3. All damages and relief authorized by law or statute, including but not limited to costs and attorneys' fees under Code of Civil Procedure 1021.5, and punitive damages for unlawful conversion;

4. Specific performance by Google;

5. For an Order Certifying the Class, appointing Plaintiff as the Class Representative, and Plaintiff's Counsel as Class Counsel;

6. Any other relief this Court deems just and equitable.

**DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury as to all claims so triable.


Dated: January 11, 2019

OLIVIER SCHREIBER & CHAO LLP
LOCKRIDGE GRINDAL NAUEN P.L.L.P.
TESKE KATZ KITZER & ROCHEL PLLP
LEVENTHAL PLLC

Christian Schreiber

*Attorneys for Plaintiff and the Proposed Class*


*Additional counsel for Plaintiff*

LOCKRIDGE GRINDAL NAUEN P.L.L.P.
Rebecca A. Peterson (Cal. Bar No. 241858)
Robert K. Shelquist (MN #21310x) (*pro hac vice*)
100 Washington Avenue South, Suite 2200
Minneapolis, MN 55401

- 17 -

Telephone: (612) 339-6900
Facsimile: (612) 339-0981
E-mail: rapeterson@locklaw.com
       rkshelquist@locklaw.com


TESKE, KATZ, KITZER & ROCHEL, PLLP
Vildan A. Teske, (MN #241404) (*pro hac vice forthcoming*)
Marisa C. Katz, (MN #389709) (*pro hac vice forthcoming*)
222 South 9th Street, Suite 4050
Minneapolis, MN 55402
Telephone: (612) 746-1558
Facsimile: (651) 846-5339
teske@tkkrlaw.com
katz@tkkrlaw.com

LEVENTHAL PLLC
Seth Leventhal (MN # 263357) (*pro hac vice forthcoming*)
527 Marquette Ave. S., Suite 2100
Minneapolis, MN 55402-1273
Telephone: 612-234-7349
Facsimile: 612-437-4980
seth@leventhalpllc.com

FIRST AMENDED CLASS ACTION COMPLAINT

# EXHIBIT A

## AFFIDAVIT OF VENUE BY PLAINTIFF ANDREW ROLEY

I, Andrew Roley, declare:

1.     I am a Plaintiff in the above-entitled action. The complaint filed contains claims for violations of the Consumer Legal Remedies Act against Google, Inc. ("Google"), a Delaware limited liability company doing business nationwide, and headquartered in Mountain View, California.

2.     These claims arise of out of my agreement to provide labor and services to Google as part of its Local Guides program, in exchange for receiving a free terabyte of data storage.

3.     The value of the offer was false because the data storage Google provided was only free for two years, and not for an unlimited amount of time, which I believed.

4.     I agreed to participate in this program after receiving emails from Google that I understand originated at Google's headquarters in Santa Clara County. I was a resident of Washington at the time I received these emails, but by agreeing to participate in the Local Guides program, I had to agree to Google's Terms of Service, which makes me subject to California law and which requires me to submit to personal jurisdiction in Santa Clara County Superior Court or federal district court in California.

I declare under penalty of perjury under the laws of the State of California and the United States that the foregoing Declaration is true and correct, and was executed by me on October 23, 2018.

Andrew Roley

- 1 -
DECLARATION OF ANDREW ROLEY RE VENUE