COOLEY LLP
MICHAEL G. RHODES (116127)
(rhodesmg@cooley.com)
WHITTY SOMVICHIAN (194463)
(wsomvichian@cooley.com)
MAX ALDERMAN (318548)
(malderman@cooley.com)
101 California Street, 5th Floor
San Francisco, CA 94111-5800
Telephone: (415) 693-2000
Facsimile: (415) 693-2222

Attorneys for Defendant
GOOGLE LLC

OLIVIER SCHREIBER & CHAO LLP
MONIQUE OLIVIER (190285)
(monique@osclegal.com)
CHRISTIAN SCHREIBER (245597)
(christian@osclegal.com)
201 Filbert Street, Suite 201
San Francisco, CA 94133
Telephone: (415) 484-0980
Facsimile: (415) 658-7758

Attorneys for Plaintiff
ANDREW ROLEY

[Additional Counsel On Signature Page]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ANDREW ROLEY, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>GOOGLE LLC and DOES 1-50,<br><br>Defendants. | Case No. 5:18-cv-7537-BLF<br><br>**[STIPULATED] ORDER RE: DISCOVERY OF ELECTRONICALLY STORED INFORMATION** |

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

207868240 v4

1.

**[STIPULATED] ORDER RE: ESI PROTOCOL**
**CASE NO. 5:18-CV-7537-BLF**

## 1. PURPOSE

This Order will govern discovery of electronically stored information ("ESI") in this case as a supplement to the Federal Rules of Civil Procedure, this Court's Guidelines for the Discovery of Electronically Stored Information, and any other applicable orders and rules.

## 2. COOPERATION

Plaintiff Andrew Roley ("Plaintiff") and Defendant Google LLC ("Google") (collectively, the "Parties" or "Party") are aware of the importance the Court places on cooperation and commit to cooperate in good faith throughout the matter consistent with this Court's Guidelines for the Discovery of ESI.

## 3. PROPORTIONALITY

Parties are expected to use reasonable, good faith and proportional efforts to preserve, identify and produce relevant information consistent with Fed. R. Civ. P. 26(b)(1)[1]. This includes identifying appropriate limits to discovery, including limits on custodians, identification of relevant subject matter, time periods for discovery and other parameters to limit and guide preservation and discovery issues. A Party's meaningful compliance with this order and efforts to promote efficiency and reduce costs will be considered in cost-shifting determinations.

## 4. COST-SHIFTING

As in all cases, costs may be shifted for disproportionate ESI production requests pursuant to Federal Rule of Civil Procedure 26. Likewise, a Party's nonresponsive or dilatory discovery tactics are cost-shifting considerations.

## 5. LIAISON

a) The Parties have identified liaisons to each other who are and will be knowledgeable about and responsible for discussing their respective ESI. Each e-discovery liaison will be, or have access to those who are, knowledgeable about the technical aspects of e-discovery, including the location, nature, accessibility, format, collection, search methodologies, and production of ESI in this matter. The Parties will rely on the liaisons, as needed, to confer about ESI and to help resolve disputes

---

[1] Information can originate in any form, including ESI and paper, and is not limited to information created or stored electronically.

without court intervention.

      b)     Google appoints Cooley LLP as its e-discovery liaison.

      c)     Plaintiff appoints Lockridge Grindal Nauen PLLP and Leventhal PLLC as his e-discovery liaison.

## 6. PRESERVATION

The Parties have discussed their preservation obligations and needs and agree that preservation of potentially relevant ESI will be reasonable and proportionate. To reduce the costs and burdens of preservation and to ensure proper ESI is preserved, the Parties agree that:

      a)     Only ESI created or received between September 1, 2015 and December 31, 2016 will be preserved;

      b)     The Parties have discussed the types of ESI they believe should be preserved;

      c)     These data sources are not reasonably accessible because of undue burden or cost pursuant to Fed. R. Civ. P. 26(b)(2)(B) and ESI from these sources will be preserved pursuant to normal business retention, but not searched, reviewed, or produced:

            1.     backup systems and/or tapes used for disaster recovery; and

            2.     systems, server and network logs; and

            3.     systems no longer in use that cannot be accessed.

      d)     Among the sources of data the Parties agree are not reasonably accessible, the Parties agree not to preserve, search, or collect the following:

            1.     voice messages

            2.     information from handsets, mobile devices, personal digital assistants, and tablets that is duplicative of information that resides in a reasonably accessible data source;

            3.     instant messaging and chat application data;

            4.     automatically saved versions of documents and emails;

            5.     video and audio recordings;

            6.     deleted, slack, fragmented, or other data accessible only by forensics;

            7.     random access memory (RAM), temporary files, or other ephemeral data that

are difficult to preserve without disabling the operating system;

8. on-line access data such as temporary internet files, history, cache, cookies, and the like;

9. dynamic fields of databases or log files that are not retained in the usual course of business; and

10. data in metadata fields that are frequently updated automatically, such as last opened dates.

**7. SEARCH**

a) The Parties agree that in responding to an initial Fed. R. Civ. P. 34 request, or earlier if appropriate, they will meet and confer about methods to search ESI in order to identify ESI that is subject to production in discovery and filter out ESI that is not subject to discovery.

b) Each Party will use its best efforts to filter out common system files and application executable files by using a commercially reasonable hash identification process. Hash values that may be filtered out during this process are located in the National Software Reference Library ("NSRL") NIST hash set list. Additional culling of file types based on file header information may include, but are not limited to: Application Package File, Backup Files, Batch Files, Binary Disc Image, C++ File Formats, Cascading Style Sheet, Configuration File, Database File, Dictionary Files, Dynamic Link Library, Event Log Files, Executable Files, Hypertext Cascading Stylesheet, Java Archive Files, JavaScript files, JavaScript Source Code and Class Files, Macintosh Resource Fork Files, MP3 Files, MP4 Files, Package Manager Files, Program Files, Program Installers, Python Script Files, Quicktime Files, Shell Script Files, System or Temporary Files, Thumbnail Cache Files, Troff Files, TrueType Font Files, Video Media Files, Waveform Audio File Format, Windows Cabinet File, Windows Command Files, Windows File Shortcut, Windows Help Files, Windows Metafiles and Enhanced Metafiles, Windows Spool Files, Windows System File. Source code files will be provided according to the Protective Order and not included in custodial data productions.

c) A Party is required to produce only a single copy of a responsive document, and a Party may de-duplicate responsive ESI across Custodians. A Party may also de-duplicate email threads and attachments as follows: In an email thread, only the most evolved responsive email in a thread will be

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

207868240 v4

4.

[STIPULATED] ORDER RE: ESI PROTOCOL
CASE NO. 5:18-CV-7537-BLF

produced. Where an earlier-in-thread email has a responsive attachment not contained within the most evolved responsive email, the most evolved earlier-in-thread email containing the attachment will also be produced along with its attachment.

  d)  If applicable, no provision of this Order affects the inspection or production of source code which will be collected and made available consistent with the Protective Order governing this case.

## 8. PRODUCTION FORMATS

The Parties agree to produce documents in the formats described in Appendix 1 to this Order. If particular documents warrant a different format, the Parties will cooperate to arrange for the mutually acceptable production of such documents. The Parties agree not to degrade the searchability of documents as part of the document production process.

## 9. PHASING

  a)  When a Party propounds discovery requests pursuant to Fed. R. Civ. P. 34, the Parties agree to phase the production of ESI.

  b)  Google's initial production of custodial documents will be from the following sources and custodians: Chris Demeke, Josh Smith, Traci Cappiello, Christina Collada, Mara Chomsky, and Dan McGrath.

  c)  Plaintiff's initial production will be from the following sources and custodians: Andrew Roley.

  d)  Following the initial production, the Parties will continue to prioritize the order of subsequent productions.

## 10. DOCUMENTS PROTECTED FROM DISCOVERY

  a)  Pursuant to Fed. R. Evid. 502(d), the production of a privileged or work-product-protected document, whether inadvertent or otherwise, is not a waiver of privilege or protection from discovery in this case or in any other federal or state proceeding. Disclosures among defendants' attorneys of work product or other communications relating to issues of common interest shall not affect or be deemed a waiver of any applicable privilege or protection from disclosure. For example, the mere production of privileged or work-product-protected documents in this case as part of a mass

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

207868240 v4    5.    [STIPULATED] ORDER RE: ESI PROTOCOL
CASE NO. 5:18-CV-7537-BLF

production is not itself a waiver in this case or in any other federal or state proceeding. A producing Party may assert privilege or protection over produced documents at any time by notifying the receiving Party in writing of the assertion of privilege or protection. Information that contains privileged matter or attorney work product shall be returned immediately if such information appears on its face to have been inadvertently produced or if requested.

      b) Communications involving counsel that post-date the filing of the complaint need not be placed on a privilege log. Communications may be identified on a privilege log by category, rather than individually, if appropriate.

      c) Activities undertaken in compliance with the duty to preserve information are protected from discovery under Fed. R. Civ. P. 26(b)(3)(A) and (B).

      d) Nothing in this Agreement shall be interpreted to require disclosure of irrelevant information or relevant information protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege or immunity. The Parties do not waive any objections to the production, discoverability, admissibility, or confidentiality of documents and ESI.

## 11. MODIFICATION

This Stipulated Order may be modified by a Stipulated Order of the Parties or by the Court for good cause shown. Any such modified Stipulated Order will be titled sequentially as follows, "First Modified Stipulated Order re: Discovery of Electronically Stored Information for Standard Litigation," and each modified Stipulated Order will supersede the previous Stipulated Order.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

207868240 v4

6.

[STIPULATED] ORDER RE: ESI PROTOCOL
CASE NO. 5:18-CV-7537-BLF

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD**

DATED: August 8, 2019   /s/ Whitty Somvichian

Whitty Somvichian
Attorneys for Defendant GOOGLE LLC

DATED: August 8, 2019   /s/ Robert K. Shelquist

Robert K. Shelquist
Attorneys for Plaintiff ANDREW ROLEY

*Additional Plaintiff's Counsel*

LOCKRIDGE GRINDAL NAUEN P.L.L.P.
Robert K. Shelquist (MN # 21310x) *(pro hac vice)*
Rebecca A. Peterson (Cal. Bar No. 241858)
Stephanie A. Chen (MN # 0400032) *(pro hac vice)*
100 Washington Avenue South, Suite 2200
Minneapolis, MN 55401
Telephone: (612) 339-6900
Facsimile: (612) 339-0981
rkshelquist@locklaw.com
rapeterson@locklaw.com
sachen@locklaw.com

TESKE KATZ KITZER & ROCHEL, PLLP
Vildan A. Teske (MN # 241404) *(pro hac vice)*
Marisa C. Katz (MN # 39709) *(pro hac vice)*
222 South 9th Street, Suite 4050
Minneapolis, MN 55402
Telephone: (612) 746-1558
Facsimile: (651) 846-5339
teske@tkkrlaw.com
katz@tkkrlaw.com

LEVENTHAL PLLC
Seth Leventhal (MN # 263357) *(pro hac vice)*
527 Marquette Ave. S., Suite 2100
Minneapolis, MN 55402
Telephone: (612) 234-7349
Facsimile: (612) 437-4980
seth@leventhalpllc.com

207868240 v4    7.    **[STIPULATED] ORDER RE: ESI PROTOCOL**
CASE NO. 5:18-CV-7537-BLF

# ATTESTATION PURSUANT TO CIVIL LOCAL RULE 5-1

I, Whitty Somvichian, attest that concurrence in the filing of this document has been obtained from each of the other signatories. Executed on August 8, 2019 in San Francisco, California.

*/s/ Whitty Somvichian*
Whitty Somvichian

Cooley LLP
Attorneys At Law
San Francisco

207868240 v4

8.

[Stipulated] Order Re: ESI Protocol
Case No. 5:18-cv-7537-BLF

**PURSUANT TO STIPULATION, IT IS SO ORDERED.**

DATED: August 12, 2019

*Susan van Keulen*

HONORABLE SUSAN VAN KEULEN
United States Magistrate Judge

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

207868240 v4

9.

[STIPULATED] ORDER RE: ESI PROTOCOL
CASE NO. 5:18-CV-7537-BLF

# APPENDIX 1

# PRODUCTION FORMAT AND METADATA

1. **Production Components**. Productions shall include, single page TIFFs, Text Files, an ASCII delimited metadata file (.txt, .dat, or .csv) and an image load file that can be loaded into commercially acceptable production software (e.g., Concordance).

2. **Image Load File** shall contain the following comma-delimited fields: BEGBATES, VOLUME, IMAGE FILE PATH, DOCUMENT BREAK, FOLDER BREAK, BOX BREAK, PAGE COUNT.

3. **Metadata Fields and Metadata File**. Each of the metadata and coding fields set forth below that can be extracted shall be produced for each document. The parties are not obligated to populate manually any of the fields below if such fields cannot be extracted from a document, with the exception of the following: BEGBATES, ENDBATES, BEGATTACH, ENDATTACH, and CUSTODIAN. The metadata file shall be delimited according to the following characters:

   - Delimiter = ¶ (ASCII:020)
   - Text-Qualifier = þ (ASCII:254)
   - New Line = ® (ASCII:174)
   - Multi-value delimiter - ; (ASCII Code 059)

| Field Name | Field Description |
|---|---|
| BEGBATES | Beginning Bates number as stamped on the production image |
| ENDBATES | Ending Bates number as stamped on the production image |
| BEGATTACH | First production Bates number of the first document in a family |
| ENDATTACH | Last production Bates number of the last document in a family |
| CUSTODIAN | Includes the Individual (Custodian) from whom the documents originated and all Individual(s) whose documents de-duplicated out (De-Duped Custodian). |
| SUBJECT | Subject line of email |
| TITLE | Title from properties of document |
| DATESENT | Date email was sent (format: MM/DD/YYYY) |
| TO | All recipients that were included on the "To" line of the email |
| FROM | The name and email address of the sender of the email |
| CC | All recipients that were included on the "CC" line of the email |
| BCC | All recipients that were included on the "BCC" line of the email |
| OWNER | Any value populated in the Owner field of the document properties |
| FILENAME | Filename of an electronic document (Edoc or attachment) |

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

207868240 v4

10.

[STIPULATED] ORDER RE: ESI PROTOCOL
CASE NO. 5:18-CV-7537-BLF

| DATEMOD | Date an electronic document was last modified or created (format: MM/DD/YYYY) (Edoc or attachment) |
|---|---|
| DATECREATED | Date the document was created (format: MM/DD/YYYY) (Edoc or attachment) |
| NATIVELINK | Native File Link (Native Files only) |
| TEXTLINK | Link to text files |

4. **TIFFs**. Except for structured data, all production images will be provided as a black-and-white, single-page Group IV TIFF of at least 300 DPI resolution with corresponding multi-page text and necessary load files. Each image will have a file name that is the unique Bates number of that image, pursuant to ¶ II(E). Original document orientation should be maintained to the extent reasonably practicable and technologically possible for a producing Party's vendor (i.e., portrait to portrait and landscape to landscape). Hidden content, tracked changes, edits, comments, notes, and other similar information viewable within the native file shall, to the extent reasonably practicable, also be imaged so that this information is captured on the produced image file. Documents that are difficult to render in TIFF because of technical issues, or any other documents that are impracticable to render in TIFF format, may be produced in their native format with a placeholder TIFF image stating "Document Produced Natively," unless such documents contain redactions, in which case the documents will be produced in TIFF format. A producing Party retains the option to produce ESI in alternative formats if so agreed by the requesting Party, which may include native format, or a combination of native and TIFF formats.

5. **Text Files**. Each ESI item produced under this ESI Protocol Order shall be accompanied by a text file as set out below. All text files shall be provided as a single document level text file for each item, not one text file per page. Each text file shall be named to use the Bates number of the first page of the corresponding production item.

    a. **OCR**: A producing Party may make paper documents available for inspection and copying/scanning in accordance with FED. R. CIV. P. 34 or, additionally or alternatively, scan and OCR paper documents if it chooses. Where OCR is used, the Parties will endeavor to generate accurate OCR and will utilize quality OCR processes and technology. OCR text files should indicate page breaks where possible. Even if OCR is used by a producing Party, however, the Parties acknowledge that, due to poor quality of the originals, not all documents lend themselves to the generation of accurate OCR. In such instances, or in the event that a producing Party does not choose to use OCR at all, the producing Party will make the paper documents available for inspection and copying in accordance with FED. R. CIV. P. 34.

    b. **ESI**: Emails and other ESI will be accompanied by extracted text taken from the electronic file itself, where available.

6. **Image Load Files / Data Load Files**. Each TIFF in a production must be referenced in the corresponding image load file. The total number of documents referenced in a production's data load file should match the total number of designated document breaks in the Image Load file(s) in the production. The total number of pages referenced in a production's image load file should match the total number of TIFF files in the production. The total number of documents in a production should match the total number of records in the data load file.

7. **Bates Numbering**. All images must be assigned a unique Bates number that is sequential within a given document and across the production sets.

8. **Confidentiality Designation**. Responsive documents in TIFF format will be stamped with the appropriate confidentiality designations in accordance with the Protective Order in this matter.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

207868240 v4

11.

[STIPULATED] ORDER RE: ESI PROTOCOL
CASE NO. 5:18-CV-7537-BLF

Each responsive document produced in native format will have its confidentiality designation identified in the filename of the native file.

9. **Redaction Of Information**. If documents are produced containing redacted information, an electronic copy of the original, unredacted data shall be securely preserved in such a manner so as to preserve without modification, alteration or addition the content of such data including any metadata therein.

10. **Production of Native Files**. The Parties agree that ESI shall be produced as TIFFs with an accompanying load file, which will contain, among other data points, the ESI data points listed in Appendix 1 hereto. The exception to this rule shall be spreadsheet-application files (e.g., MS Excel), personal databases (e.g., MS Access), and multimedia audio/visual files such as voice and video recordings (e.g., .wav, .mpeg, and .avi), for which all ESI items shall be produced in native format upon reasonable request. In the case of personal database (e.g., MS Access) files containing confidential or privileged information, the Parties shall meet and confer to determine the appropriate form of production. In addition to producing the above file types in native format, the producing Party shall produce a single-page TIFF slip sheet indicating that a native item was produced. The corresponding load file shall include NativeFileLink information for each native file that is produced. Further, the Parties agree to meet and confer prior to producing native file types other than MS Excel and multimedia audio/visual file types such as .wav, .mpeg and .avi. Prior to processing non-standard native files for production, the producing Party shall disclose the file type to and meet and confer with the requesting Party on a reasonably useable production format. The Parties agree to meet and confer to the extent that there is data in database application files, such as SQL and SAP, to determine the best reasonable form of production of usable data. Through the pendency of the Litigation, the producing Party shall exercise reasonable, good faith efforts to maintain all preserved and produced native files in a manner that does not materially alter or modify the file or the metadata.

11. **Proprietary Files**. To the extent a response to discovery requires production of ESI accessible only through proprietary software, the parties should continue to preserve each version of such information. The parties shall meet and confer to finalize the appropriate production format.

12. **Production Media**. Documents shall be encrypted and produced on external hard drives, readily accessible computer(s) or other electronic media ("Production Media"). Each piece of Production Media shall identify a production number corresponding to the production volume (e.g., "VOL001," "VOL002"), as well as the volume of the material in that production (e.g. "-001," "-002"). Each piece of Production Media shall also identify: (1) the producing party's name; (2) the production date; (3) the Bates Number range of the materials contained on the Production Media; and (4) the set(s) of requests for production for which the documents are being produced.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

207868240 v4

12.

[STIPULATED] ORDER RE: ESI PROTOCOL
CASE NO. 5:18-CV-7537-BLF