UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREW ROLEY,<br><br>        Plaintiff,<br><br>    v.<br><br>GOOGLE LLC,<br><br>        Defendant. | Case No. 18-cv-07537-BLF (SVK)<br><br>**ORDER REGARDING DISCOVERY DISPUTE**<br><br>Re: Dkt. Nos. 58, 64 |

    Plaintiff Andrew Roley ("Plaintiff") brings this putative class action against Google, LLC ("Defendant"). Dkt. 1. On September 24, 2019, this Court ordered Defendant to provide Plaintiff with the email addresses of a sample of putative class members and ordered the Parties to meet and confer on the sample size. Dkt. 60 at 1. If there were remaining issues with regards to the Court's order, the Parties were to provide a joint status report to the Court by October 22, 2019 in preparation for a hearing on October 24, 2019. Dkt. 60 at 2. On October 11, 2019, the Parties submitted a joint stipulation extending this Court's deadlines to December 3, 2019 and December 5, 2019, respectively. Dkt. 61. The Court granted this stipulation on October 15, 2019 (Dkt. 62) and set a hearing for December 10, 2019 (Dkt. 63). Now before the Court is the Parties' Joint Status Report Regarding Production of Class List and Data submitted on December 3, 2019 in response to this Court's September 24, 2019 Order. Dkt. 64. The Parties have yet to agree on an adequate sample size and have been unsuccessful in their meet and confer efforts. Having considered the Parties' submissions and the relevant case law, the Court has determined that oral argument is not necessary pursuant to Civ. L.R. 7-1(b) and **ORDERS** as follows:

    Plaintiff's motion to compel the production of the class list is granted in part. The Parties now agree that the putative class consists of approximately 12,000 individuals. Dkt. 64 at 2, 3. Plaintiff requests a sample of 6,000 individuals, based on the recommendation of a survey expert.

Dkt. 64 at 1. Plaintiff also reiterates its prior request for production of the entire class list. Dkt. 64 at 2. Plaintiff's argument regarding the statistical significance of the 6,000 figure is not persuasive. The analysis presented results in only 48 respondents (Dkt. 64 at 2), thereby undermining the use of such an analysis in determining an adequate sample size. Similarly, the Court finds Defendant's arguments unpersuasive, as Plaintiff has demonstrated his need for the email addresses of the putative class members. Further, the relative extreme positions of both Parties, little changed from the arguments presented in the September briefing, casts doubt on whether the Parties fulfilled their obligation to meet, confer, and attempt to compromise in good faith.

The Court finds that a sample of 1,800 individuals (15% of 12,000) is appropriate. The Parties are ordered to meet and confer on the particulars of how this sample will be selected, taking into account the class members that may be been "grandfathered" in. If the Parties are unable to reach an agreement, they are to reserve **December 17, 2019 at 10:00 a.m.** for an in-person discovery hearing to resolve the issue. The Parties are to provide the Court with a joint status report on **December 13, 2019, at 12:00 p.m.** setting forth either their agreement or their respective positions.

In accordance with this Court's September 24, 2019 Order, Plaintiff is to provide a draft of its communication with putative class members to Defendant and the Court prior to issuing it to the sample. Dkt. 60 at 2. Defendant will have **five days** to respond to the draft communication, and the Parties should meet and confer over any issues that arise. If the Parties are unable to resolve the issues, they may submit Plaintiff's proposed communication and Defendant's red-line version to the Court for determination.

**SO ORDERED.**

Dated: December 6, 2019

SUSAN VAN KEULEN
United States Magistrate Judge